DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
MICHAEL T. WEST, CASB No. 266296
michael.west@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California  90801-1730
Telephone:    (562) 436-2000
Facsimile:    (562) 436-7416

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
EMC MORTGAGE CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACIO C. RAZ, JULIANA G. RAZ AND ROCHELLE G. RAZ,<br><br>              Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, ITS ASSIGNEES AND/OR SUCCESSORS, LENDING 1ST MORTGAGE, ALLIANCE TITLE, QUALITY LOAN SERVICE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and EMC MORTGAGE CORPORATION and DOES 1-100, INCLUSIVE<br><br>              Defendants. | Case No. SACV14-00202 JLS (DFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:  May 16, 2014<br>Time:  2:30 p.m.<br>Place:  10A |

///

///

KYL_LB1713659

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ii

I.      INTRODUCTION ...................................................................................1

II.     STATEMENT OF FACTS .....................................................................2

III.    LEGAL ARGUMENT.............................................................................4

        A.    THE CONTROLLING LEGAL STANDARD FOR
              RULING ON A MOTION TO DISMISS REQUIRES
              THE INSTANT MOTION BE GRANTED IN ITS
              ENTIRETY.................................................................................4

        B.    PLAINTIFFS' CAUSES OF ACTION ARGUE A
              "SHOW ME THE NOTE" THEORY, WHICH HAS
              BEEN REPEATEDLY REJECTED BY COURTS IN
              THE NINTH CIRCUIT.............................................................5

              1.   Plaintiffs' also cannot state a claim with respect
                   to securitization subsequent to the date they were
                   loaned money..................................................................6

        C.    PLAINTIFFS' FIRST CAUSE OF ACTION FOR
              WRONGFUL FORECLOSURE AND FIFTH CAUSE
              OF ACTION FOR VIOLATION OF CAL. CIV. CODE
              SECTION 2923.5 FAIL. ............................................................8

              1.   The Foreclosure Sale has Already Occurred....................8

              2.   The Bankruptcy Court lifted the automatic stay
                   prior to the Trustee's Sale of the property. ....................9

              3.   Plaintiffs Allege No Facts Supporting Their
                   Claim that the Instruments Are Fraudulent or
                   Void. .............................................................................10

        D.    PLAINTIFFS' QUIET TITLE CLAIM FAILS. .......................12

              1.   Plaintiffs' Lack Standing to Bring a Quiet Title
                   Claim. ...........................................................................12

              2.   Plaintiffs Have Not Alleged Their Ability and
                   Willingness to Tender Their Debt.................................13

        E.    PLAINTIFFS' COMPLAINT ALSO FAILS IF IT IS
              CONSIDERED AS AN APPLICATION FOR A
              TEMPORARY RESTRAINING ORDER OR
              PRELIMINARY INJUNCTION...............................................14

        F.    THE CALIFORNIA COMMERCIAL CODE HAS NO
              APPLICABILITY. ....................................................................16

KYL_LB1713659

G.     THE CRIMINAL STATUTES TO WHICH PLAINTIFFS CITE DO NOT PROVIDE FOR A PRIVATE RIGHT OF ACTION..............................................................18

IV.    CONCLUSION......................................................................................18

KYL_LB1713659

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Aldabe v. Aldabe*,
    616 F.2d 1089 (9th Cir. 1980) ................................................................. 18

*Almutarreb v. Bank of N.Y. Trust Co., N.A.*,
    2012 U.S. Dist. LEXIS 137202,
    2012 WL 4371410 (N.D. Cal. Sept. 24, 2012) ........................................... 6

*Armendariz v. JP Morgan Chase Bank N.A.*,
    2012 U.S. Dist. LEXIS 148137 (S.D. Cal. Oct. 15, 2012) ........................ 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................... 4

*Barnes v. Bank of Am., N.A.*,
    2012 U.S. Dist. LEXIS 44146 (S.D. Cal. Mar. 27, 2012) ........................... 5

*Bascos v. Fed. Home Loan Mortg. Corp.*,
    2011 U.S. Dist. LEXIS 86248,
    2011 WL 3157063 (C.D. Cal. July 22, 2011) ......................................... 7, 9

*Bell Atl. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................... 4

*Beltran v. Accubank Mortg. Corp.*,
    2012 U.S. Dist. LEXIS 35491,
    2012 WL 893808, slip op. (E.D. Cal. Mar. 15, 2012) ................................. 5

*Bergman v. Bank of Am.*,
    2013 U.S. Dist. LEXIS 153173,
    2013 WL 5863057 (N.D. Cal. Oct. 23, 2013) ............................................. 5

*Bernardi v. JPMorgan Chase Bank, N.A.*,
    2012 U.S. Dist. LEXIS 85666 (N.D. Cal. June 20, 2012) ......................... 16

*Cercedes v. U.S. Bankcorp*,
    2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11, 2011) .......................... 10

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011) ............................................................... 5, 6

KYL_LB1713659

*Christiansen v. Wells Fargo Bank*,
   2012 U.S. Dist. LEXIS 142070,
   2012 WL 4716977 (N.D. Cal. Oct. 1, 2012) ........................................... 11

*City of Angoon v. Marsh*,
   749 F.2d 1413 (9th Cir. 1984) ................................................................ 14

*Developmental Servs. Network v. Douglas*,
   666 F.3d 540 (9th Cir. 2011) .................................................................. 15

*Diaz v. Bank of Am. Home Loan Servicing*,
   2010 U.S. Dist. LEXIS 143885 (C.D. Cal. Dec. 16, 2010)................................. 10, 11

*Distor v. U.S. Bank NA*,
   2009 U.S. Dist. LEXIS 98361,
   2009 WL 3429700 (N.D. Cal. Oct. 22, 2009) ....................................... 13

*Dyson Fourness v. Mortg. Elec. Registration Sys., Inc.*,
   2010 U.S. Dist. LEXIS 128801,
   2010 WL 5071049 (D. Nev. Dec. 6, 2010) ............................................. 6

*Eblovi v. Deutsche Bank Nat'l Trust Co.*,
   2013 U.S. Dist. LEXIS 51902 (N.D. Cal. Apr. 10, 2013)........................ 15

*Ellis v. City of San Diego*,
   176 F.3d 1183 (9th Cir. 1999) ................................................................ 18

*Eng v. Dimon*,
   2012 U.S. Dist. LEXIS 120694,
   2012 WL 3659600 (N.D. Cal. Aug. 24, 2012) ....................................... 13

*Ernestberg v. Mortg. Investors Grp.*,
   2009 U.S. Dist. LEXIS 4560,
   2009 WL 160241 (D. Nev. Jan. 22, 2009)............................................... 6

*Global Horizons, Inc. v. U.S. Dept. of Labor*,
   510 F.3d 1054 (9th Cir. 2007) ................................................................ 15

*Gutierrez v. PNC Mortg.*,
   2012 U.S. Dist. LEXIS 41890 (S.D. Cal. Mar. 26, 2012) ....................... 9

*Hagos v. Wash. Mut. Bank*,
   2013 U.S. Dist. LEXIS 30036 (D. Nev. Mar. 5, 2013) ............................ 5

KYL_LB1713659

*In re George*,
   4 F. App'x 357 (9th Cir. 2001) .................................................................. 9

*In re Sanders*,
   2014 U.S. Dist. LEXIS 21579 (C.D. Cal. Feb. 19, 2014) ........................ 10

*Johnson v. Homecomings Fin.*,
   2011 U.S. Dist. LEXIS 106216,
   2011 WL 4373975 (S.D. Cal. Sept. 20, 2011).......................................... 13

*Junger v. Bank of Am., N.A.*,
   2012 U.S. Dist. LEXIS 23917,
   2012 WL 603262 (C.D. Cal. Feb. 24, 2012) ............................................. 7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................ 10

*Kelley v. JPMorgan Chase Bank, N.A.*,
   2012 Bankr. LEXIS 433 (Bankr. N.D. Cal. Feb. 1, 2012) ...................... 17

*Khouri v. JPMorgan Chase & Co.*,
   2013 U.S. Dist. LEXIS 5989 (D. Nev. Jan. 15, 2013).............................. 5

*Lee v. Mortg. Elec. Registration Sys., Inc.*,
   2012 U.S. Dist. LEXIS 89107 (D. Haw. June 27, 2012)......................... 12

*Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, LLC*,
   717 F.Supp.2d 724 (E.D. Mich. 2010)...................................................... 7

*Madlaing v. JPMorgan Chase Bank, N.A.*,
   2013 U.S. Dist. LEXIS 76974,
   2013 WL 2403379 (E.D. Cal. May 31, 2013) .......................................... 5

*Mansour v. Cal-W. Reconveyance Corp.*,
   618 F. Supp. 2d 1178, 2009 WL 1066155 (D. Ariz. 2009)...................... 6

*Mazurek v. Armstrong*,
   520 U.S. 968 (1997)................................................................................ 14

*McLaughlin v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 38864 (C.D. Cal. Mar. 19, 2013)....................... 16

*Munaf v. Green*,
   553 U.S. 674 (2008)................................................................................ 14

KYL_LB1713659

*Murphy v. Wells Fargo Bank, N.A.,*
      2011 U.S. Dist. LEXIS 143156 (N.D. Cal. Dec. 13, 2011)......................................13

*Nastrom v. New Century Mortg. Corp.,*
      2012 U.S. Dist. LEXIS 79929 (E.D. Cal. June 8, 2012) ..........................................12

*Ogilvie v. Select Portfolio Servicing,*
      2012 U.S. Dist. LEXIS 147493 (N.D. Cal. Oct. 12, 2012) .........................................8

*Olivier v. NDEX West, LLC,*
      2009 U.S. Dist. LEXIS 74051 (E.D. Cal. Aug. 10, 2009).........................................17

*Padayachi v. IndyMac Bank,*
      2010 U.S. Dist. LEXIS 120963 (N.D. Cal. 2010) ....................................................16

*Patel v. Mortgage Elec. Registration Sys., Inc.,*
      2013 U.S. Dist. LEXIS 174232,
      2013 WL 6512848 (N.D. Cal. Dec. 12, 2013).............................................................5

*Putkkuri v. ReconTrust Co.,*
      2009 U.S. Dist. LEXIS 32,
      2009 WL 32567 (S.D. Cal. Jan. 5, 2009)..................................................................17

*Reyes-Aguilar v. Bank of Am.,*
      2014 U.S. Dist. LEXIS 37036 (N.D. Cal. Mar. 20, 2014) ....................................5, 11

*Rivac v. Ndex W. LLC,*
      2013 U.S. Dist. LEXIS 177073,
      2013 WL 6662762 (N.D. Cal. Dec. 17, 2013)..............................................................5

*Rockridge Trust v. Wells Fargo, N.A.,*
      2013 U.S. Dist. LEXIS 139606 (N.D. Cal. Sept. 25, 2013)......................................14

*Ruiz v. SunTrust Mortg., Inc.,*
      2012 U.S. Dist. LEXIS 103239 (E.D. Cal. July 24, 2012)........................................12

*Sami v. Wells Fargo Bank,*
      2012 U.S. Dist. LEXIS 38466,
      2012 WL 967051 (N.D. Cal. Mar. 21, 2012) ..............................................................7

*Segura v. Green Tree Servicing, LLC,*
      2011 U.S. Dist. LEXIS 64649 (E.D. Cal. June 17, 2011) .........................................16

KYL_LB1713659

*Shkolnikov v. JPMorgan Chase Bank*,
  2012 U.S. Dist. LEXIS 177573,
  2012 WL 6553988 (N.D. Cal. Dec. 14, 2012)................................. 6

*Sicairos v. NDEX W., LLC*,
  2009 U.S. Dist. LEXIS 11223 (S.D. Cal. Feb. 13, 2009)...................... 16

*Spence v. Wells Fargo Bank, N.A.*,
  2011 U.S. Dist. LEXIS 50272 (E.D. Cal. May 3, 2011) ...................... 16

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................ 4

*Stormans, Inc. v. Selecky*,
  586 F.3d 1109 (9th Cir. 2009) .......................................... 14

*Street v. Wachovia Mortg.*,
  2013 U.S. Dist. LEXIS 3988 (D. Ariz. Jan. 10, 2013) ..................... 6

*Toneman v. U.S. Bank*,
  2013 U.S. Dist. LEXIS 84240 (C.D. Cal. Feb. 22, 2013) .................. 13

*Toneman v. U.S. Bank*,
  2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 14, 2013)................. 6, 7, 8

*Vann v. Wells Fargo Bank*,
  2012 U.S. Dist. LEXIS 72760 (N.D. Cal. May 24, 2012)................... 18

*Vargas v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 99895 (N.D. Cal. July 18, 2012) ................. 9

*Vieira v. Prospect Mortg., LLC*,
  2012 U.S. Dist. LEXIS 117750,
  2012 WL 3356947 (C.D. Cal. July 9, 2012)............................... 7

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7 (2008).................................................... 14

## STATE CASES

*Fleming v. Kagan*,
  189 Cal. App. 2d 791 (1961) .......................................... 13

*Mabry v. Super. Ct.*,
  185 Cal. App. 4th 208 (2010) .......................................... 8

KYL_LB1713659

*Moeller v. Lien*,
    25 Cal. App. 4th 822 (1994) ................................................................ 16

*Nguyen v. Calhoun*,
    105 Cal. App. 4th 428 (2003) .............................................................. 13

**FEDERAL STATUTES AND RULES**

11 U.S.C.
    § 102(1)(A) ............................................................................................ 9
    § 362 ............................................................................................. 1, 3, 9
    § 362(a) .................................................................................................. 9
    § 362(d) .................................................................................................. 9

Fed. R. Civ. P.
    Rule 9(b) .............................................................................................. 10
    Rule 12(b)(6) .......................................................................................... 4

**STATE STATUTES AND RULES**

Cal. Civ. Code
    § 2924 ............................................................................................. 16, 17
    § 2924k ................................................................................................ 16
    § 2923.5 ............................................................................................. 8, 9

Cal. Com. Code
    § 3301 ............................................................................................. 16, 17
    § 3309 ................................................................................................. 16
    § 3418(d) .............................................................................................. 16

Unif. Com. Code
    §§ 3-301 and 3-309 .............................................................................. 17

FED. B. R. CIV. P.
    Rule 8002(a) ........................................................................................ 10

**MISCELLANEOUS**

Article 3 of the California Commercial Code ...................................... 18, 16

KYL_LB1713659

1    Defendant JPMORGAN CHASE BANK, N.A. ("Chase") and EMC

2    MORTGAGE CORPORATION ("EMC") (Chase and EMC collectively, "Defen-

3    dants") hereby submit the following memorandum of points and authorities in support

4    of its Motion to Dismiss Plaintiffs HORACIO C. RAZ, JULIANA G. RAZ AND

5    ROCHELLE G. RAZ's ("Plaintiffs") First Amended Complaint ("FAC").

6

7                                      **I.**

8                              **INTRODUCTION**

9          Plaintiffs obtained a residential loan in the amount of $528,000.00 secured

10   by a deed of trust encumbering the property located at 7621 11th St., Buena Park, CA

11   90622 (the "Subject Property") recorded November 2, 2006.  (RJN Exh. 1.)  Plaintiffs

12   defaulted on their obligations under the residential loan for the Subject Property about

13   three years later and, as a result, a Notice of Default and Election to Sell was recorded

14   on November 4, 2009.  (RJN Exh. 2.)  Plaintiffs failed to cure this default, and

15   subsequently filed a bankruptcy action entitled *In re Horacio Raz*, in the United States

16   Bankruptcy Court for the Central District of California, Case No. 8:13-bk-12162 (the

17   "Bankruptcy Action").  Thereafter, on August 5, 2013, the Court in the Bankruptcy

18   Action granted Wells Fargo's Motion for Relief from the Automatic Stay Under 11

19   U.S.C. § 362 in relation to the Subject Property, and allowed the Subject Property to be

20   sold pursuant to a non-judicial foreclosure sale.  (RJN Exh. 9.)  The Subject Property

21   was ultimately sold at a trustee's sale and the Trustee's Deed was recorded on

22   September 13, 2013.  (RJN Exh. 10.)

23          Plaintiffs now bring a disingenuous FAC against Defendants alleging

24   primarily the oft-repeated and oft-rejected premise, i.e., the beneficiary that initiated

25   foreclosure of the Property was not the true beneficiary of the DOT because of irregula-

26   rities in the securitization process that resulted in a broken chain of title.  Once again,

27   this argument is of no merit.  In addition, Plaintiffs brazenly accuse Defendants of

28   violating the automatic stay, despite the fact that Plaintiffs had opposed Wells Fargo's

KYL_LB1713659

1  Motion from Relief from the Automatic Stay, which the Bankruptcy Court granted.  In

2  any event, Plaintiffs fail to state any claim upon which relief may be granted.

3  Accordingly, the Court should dismiss the FAC with prejudice.

4

5  **II.**

6  **STATEMENT OF FACTS**

7  In support of its Motion to Dismiss the Complaint, Defendant submits the

8  following allegations from the Complaint and relevant judicially noticeable facts set

9  forth in the documents included in the Request for Judicial Notice ("RJN"):

10  - The real property that is the subject of this dispute is located at

11  7621 11th St., Buena Park, CA 90622 (the "Subject Property").

12  (FAC.¶ 1.)

13  - Plaintiffs obtained a residential loan in the amount of $528,000.00

14  ("Loan") secured by the Deed of Trust ("DOT") encumbering the

15  Subject Property.  The DOT was recorded on November 2, 2006 with

16  the Orange County Recorder's Office as instrument number 2006-

17  000740208.  The DOT identifies Lending 1st Mortgage as the lender,

18  Alliance Title as the trustee, and Plaintiffs as the borrowers.  (FAC.

19  RJN Exh. 1.)

20  - A Notice of Default and Election to Sell ("NOD") under the DOT was

21  recorded with the Orange County Recorder's Office as instrument

22  number 2009000600598 on November 4, 2009.  The NOD indicates

23  that the Loan was $16,748.75 in arrears as of November 4, 2009.  (RJN

24  Exh. 2.)

25  - On December 16, 2009, a Substitution of Trustee ("SOT") was

26  recorded with the Orange County Recorder's Office as instrument

27  number 2009000674509, naming Quality Loan Service Corp. ("QLS")

28  as Trustee.  (RJN Exh. 3.)

KYL_LB1713659

- On February 10, 2010, QLS recorded a notice of trustee's sale ("NOS") with the Orange County Recorder's Office as instrument number 2010000066465.  The NOS confirmed that the total amount of unpaid obligation was $608,783.93.  (RJN Exh. 4.)

- On March 19, 2010, an Assignment of Deed of Trust was recorded with the Orange County Recorder's Office as instrument number 2010000130923, granting, assigning and transferring all beneficial interest under the DOT to Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5, Mortgage Pass-Through Certificates, Series 2006-AR5 ("Wells Fargo").  (RJN Exh. 5.)

- On November 17, 2011, QLS recorded a second notice of trustee's sale ("NOS2") with the Orange County Recorder's Office as instrument number 2011000584811.  The NOS2 confirmed that the total amount of unpaid obligation was $649,642.35.  (RJN Exh. 6.)

- On January 31, 2012, QLS recorded a third notice of trustee's sale ("NOS3") with the Orange County Recorder's Office as instrument number 2012000057178.  The NOS3 confirmed that the total amount of unpaid obligation was $655,272.19.  (RJN Exh. 7.)

- On December 13, 2012, QLS recorded a fourth notice of trustee's sale ("NOS4") with the Orange County Recorder's Office as instrument number 2012000771829.  The NOS4 confirmed that the total amount of unpaid obligation was $675,109.04.  (RJN Exh. 8.)

- On August 20, 2013, Pite Duncan LLP recorded an Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 in relation to the Subject Property, in the matter entitled *In re Horacio Raz*, in the United States Bankruptcy Court for the Central District of California, Case No. 8:13-bk-12162.  (RJN Exh. 9.)

KYL_LB1713659

- On September 13, 2013, QLS recorded a Trustee's Deed Upon Sale ("Trustee's Deed") was recorded in connection with the DOT with the Orange County Recorder's Office as instrument number 2013000534782.  The Trustee's Deed indicated that the amount of unpaid debt together with costs was $712,500.47, and the amount paid by Wells Fargo at the trustee sale was $712,500.47.  (RJN Exh. 10.)

### III.

### LEGAL ARGUMENT

**A.**     **THE CONTROLLING LEGAL STANDARD FOR RULING ON A MOTION TO DISMISS REQUIRES THE INSTANT MOTION BE GRANTED IN ITS ENTIRETY.**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim where the Plaintiffs fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6) (2012).  Dismissal is proper unless the Plaintiffs state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the Plaintiffs pleads facts that "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  When ruling on a motion to dismiss allegations of material fact stated in the complaint are taken as true. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  However, "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" need not be accepted as true. *Iqbal*, 556 U.S. at 663.  Nor should the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, 266 F.3d at 988.

As detailed below, under this standard, Defendant's Motion to Dismiss should be granted in its entirety.

///

KYL_LB1713659

1
2
3

**B.**    **PLAINTIFFS' CAUSES OF ACTION ARGUE A "SHOW ME THE NOTE" THEORY, WHICH HAS BEEN REPEATEDLY REJECTED BY COURTS IN THE NINTH CIRCUIT.**

4    The bulk of Plaintiffs' claims are based on an oft-repeated and oft-rejected

5 premise, i.e., the beneficiary that initiated foreclosure of the Property was not the true

6 beneficiary of the DOT because of irregularities in the securitization process that

7 resulted in a broken chain of title. This legal theory, as advanced by Plaintiffs, has been

8 rejected numerous times by federal courts in California and the federal courts in the

9 Ninth Circuit. *Reyes-Aguilar v. Bank of Am.*, 2014 U.S. Dist. LEXIS 37036 (N.D. Cal.

10 Mar. 20, 2014)  *Rivac v. Ndex W. LLC*, C 13-1417 PJH, 2013 U.S. Dist. LEXIS

11 177073, 2013 WL 6662762 (N.D. Cal. Dec. 17, 2013); *Patel v. Mortgage Elec.*

12 *Registration Sys., Inc.*, 3:13-CV-1874-KAW, 2013 U.S. Dist. LEXIS 174232, 2013 WL

13 6512848 (N.D. Cal. Dec. 12, 2013); *Bergman v. Bank of Am.*, C-13-00741 JCS, 2013

14 U.S. Dist. LEXIS 153173, 2013 WL 5863057 (N.D. Cal. Oct. 23, 2013); *Madlaing v.*

15 *JPMorgan Chase Bank, N.A.*, CV F 12-2069 LJO SMS, 2013 U.S. Dist. LEXIS 76974,

16 2013 WL 2403379 (E.D. Cal. May 31, 2013); *Hagos v. Wash. Mut. Bank*, 2013 U.S.

17 Dist. LEXIS 30036, *6 (D. Nev. Mar. 5, 2013); *Khouri v. JPMorgan Chase & Co.*,

18 2013 U.S. Dist. LEXIS 5989 (D. Nev. Jan. 15, 2013) (dismissing fraud claim relying

19 "on legal theories that this Court and the Ninth Circuit have expressly rejected, namely

20 'split the note,' 'show me the note,' 'extinguished note,' and 'sham beneficiary'

21 theories"); *Barnes v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 44146, *3–4 (S.D. Cal.

22 Mar. 27, 2012) ("[Plaintiff's] belief that Bank of America must possess original

23 documents in order for the debt to be valid is incorrect."); *Beltran v. Accubank Mortg.*

24 *Corp.*, 2012 U.S. Dist. LEXIS 35491, 2012 WL 893808, slip op., at *2 (E.D. Cal.

25 Mar. 15, 2012)] (pointing out "show me the note" type claim invariably fails under

26 California law, and holding that under well-established California law, physical

27 possession and legal status as holder of a note are distinct concepts); *Cervantes v.*

28 *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (split the note);

*Ernestberg v. Mortg. Investors Grp.*, No. 2:08-cv-01304-RCJ-RJJ, 2009 U.S. Dist. LEXIS 4560, 2009 WL 160241, *4–5 (D. Nev. Jan. 22, 2009) (show me the note); *Dyson Fourness v. Mortg. Elec. Registration Sys., Inc.*, No. 3:10-cv-40-ECR-RAM, 2010 U.S. Dist. LEXIS 128801, 2010 WL 5071049 (D. Nev. Dec. 6, 2010) (extinguish the note); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043–1044, 1047 (9th Cir. 2011) (sham beneficiary); *Street v. Wachovia Mortg.*, 2013 U.S. Dist. LEXIS 3988, *7–8 (D. Ariz. Jan. 10, 2013) (noting that possession of actual note in order to foreclose has been repeatedly rejected by the District of Arizona, stating "***[t]his claim lacks legal authority***," [emphasis added] citing *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *Mansour v. Cal-W. Reconveyance Corp.*, 618 F. Supp. 2d 1178, 2009 WL 1066155, at *2 (D. Ariz. 2009). Thus, it is with the great weight of authority of cases in the various federal courts in the Ninth Circuit that this argument must be dismissed with prejudice.

### 1.   Plaintiffs' also cannot state a claim with respect to securitization subsequent to the date they were loaned money.

Plaintiffs have no standing to challenge the securitization process unless he is a party to the pooling and servicing agreement or a third party beneficiary of that agreement. *Toneman v. U.S. Bank*, 2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 14, 2013); *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996 JCS, 2012 U.S. Dist. LEXIS 177573, 2012 WL 6553988, *13 (N.D. Cal. Dec. 14, 2012) (dismissing a claim that defendants assigned plaintiff's loan to a trust after the closing date specified in a pooling agreement because "[t]he majority position is that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA"); *Almutarreb v. Bank of N.Y. Trust Co., N.A.*, No. C-12-3061 EMC, 2012 U.S. Dist. LEXIS 137202, 2012 WL 4371410, *2 (N.D. Cal. Sept. 24, 2012) (finding that, because plaintiffs were neither parties to nor third party beneficiaries of, the PSA, they lacked standing to challenge the transfer of a

KYL_LB1713659

loan under the PSA); *Sami v. Wells Fargo Bank*, No. C 12-00108 DMR, 2012 U.S. Dist. LEXIS 38466, 2012 WL 967051, *5-6 (N.D. Cal. Mar. 21, 2012) (rejecting a claim "that Wells Fargo failed to transfer or assign the note or Deed of Trust to the Securitized Trust by the 'closing date,' and that therefore, 'under the PSA, any alleged assignment beyond the specified closing date' is void" because the plaintiff lacked standing); *Junger v. Bank of Am., N.A.*, No. CV 11-10419 CAS, 2012 U.S. Dist. LEXIS 23917, 2012 WL 603262, *1, 3 (C.D. Cal. Feb. 24, 2012) (dismissing plaintiff's claim that "defendants failed to adhere to the January 31, 2006 deadline for transferring the note as required by the pool servicing agreement," because plaintiff lacked standing to assert such a claim); *Bascos v. Fed. Home Loan Mortg. Corp.*, No. CV 11-3968-JFW, 2011 U.S. Dist. LEXIS 86248, 2011 WL 3157063, *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust"); *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, LLC*, 717 F.Supp.2d 724, 737 (E.D. Mich. 2010) (holding that a plaintiff who was not a party to any assignments of the loan "lacks standing to challenge their validity or the parties' compliance with those contracts").

In *Toneman*, the court held that, "[e]ven if procedurally defective, any transaction through which defendants securitized their interest in the loan and deed of trust that occurred subsequent to the date [the mortgagee] loaned money to plaintiffs does not impact plaintiffs. *Toneman*, 2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 14, 2013) citing *Sami*, 2012 U.S. Dist. LEXIS 38466, 2012 WL 967051 at *5 ("[S]ecuritization merely creates a separate contract, distinct from [p]laintiffs['] debt obligations under the note, and does not change the relationship of the parties in any way"); *Vieira v. Prospect Mortg., LLC*, No. SACV 11-1780 AG, 2012 U.S. Dist. LEXIS 117750, 2012 WL 3356947, *4 (C.D. Cal. July 9, 2012) ("Nor does improper securitization excuse a borrower from loan repayment obligations"). The court further held that,

KYL_LB1713659

"even if plaintiffs are correct that the loan was not timely transferred to the trust, 'that does not mean that the owner of the note and deed of trust could not therefore fore-close;' rather, '[t]hat would simply mean that the loan was not put into the trust (i.e., the investment vehicle).' *Toneman*, 2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 14, 2013) quoting *Frazier v. Aegis Wholesale Corp.*, No. C-11-4850 EMC, 2011 U.S. Dist. LEXIS 145210, 2011 WL 6303391, *5 (N.D. Cal. Dec. 16, 2011). Such an infirmity would not affect the defendant's "authority [as] set forth in the deed and assignment documents to initiate foreclosure." *Id.* Accordingly, the court held that the plaintiff's "assertion that the assignment to [defendant] was legally ineffective because it was not done in the manner required by the PSA is unavailing" and dismissed the plaintiff's claim.

Here, just as in *Toneman*, Plaintiffs' assert that the deed of trust was not transferred into the investment trust as required under the PSA. However, Plaintiffs lacks standing to make this assertion. *Toneman*, 2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 14, 2013). Accordingly, Plaintiffs' claim for lack of standing must be dismissed with prejudice.

## C. <u>**PLAINTIFFS' FIRST CAUSE OF ACTION FOR WRONGFUL FORECLOSURE AND FIFTH CAUSE OF ACTION FOR VIOLATION OF CAL. CIV. CODE SECTION 2923.5 FAIL**</u>.

Plaintiffs' allege a litany of reasons, without support, as to why the fore-closure was wrongful. All of Plaintiffs' allegations fail to support a claim for wrongful foreclosure, as discussed below.

### 1. <u>**The Foreclosure Sale has Already Occurred.**</u>

The First and Fifth Causes of Action fail to the extent that Plaintiff bases his allegations on an alleged violation of Section 2923.5. Under Section 2923.5, the "*only* remedy provided is a postponement of the sale before it happens." *Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 235, (2010) (emphasis in original); *see also Ogilvie v. Select Portfolio Servicing*, 2012 U.S. Dist. LEXIS 147493 at *17–18 (N.D. Cal.

Oct. 12, 2012) (dismissing 2923.5 claim with prejudice where trustee's sale already occurred); *Vargas v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 99895 at *12 (N.D. Cal. July 18, 2012) (same); *Gutierrez v. PNC Mortg.*, 2012 U.S. Dist. LEXIS 41890 at *30 (S.D. Cal. Mar. 26, 2012) (same); *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 86248 at *17 (C.D. Cal. July 22, 2011) (same).  Here, Plaintiff admits that the Subject Property was sold at trustee's sale in 2013.  (FAC p. 5.) Because the sale has already occurred, Plaintiffs cannot state a Section 2923.5 claim, and this court should dismiss the First and Fifth Causes of Action with prejudice.[1]

## 2.     The Bankruptcy Court lifted the automatic stay prior to the Trustee's Sale of the property.

Plaintiffs further argue that the sale was wrongful because they had filed for bankruptcy; however, the Bankruptcy Court lifted the automatic stay prior to the Trustee's Sale.  Under 11 U.S.C. § 362(d), a bankruptcy court may grant relief from an automatic stay "after notice and a hearing."  11 U.S.C. § 362(d).  The Bankruptcy Code states that "after notice and a hearing" "means after such notice as is appropriate in the particular circumstances, and such opportunity as is appropriate in the particular circumstances."  11 U.S.C. § 102(1)(A); *see also In re George*, 4 F. App'x 357, 360 (9th Cir. 2001) ("Due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (citing *Walthall v. U.S.*, 131 F.3d 1289, 1294 (9th Cir. 1997))).

Here, on July 9, 2013, the Bankruptcy Court heard the Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362, which Plaintiff opposed.  *See* RJN Exh. 9.  On August 5, 2013, the Order was granted and entered lifting the stay under 11 U.S.C. § 362(a) and (d).  RJN Exh. 9.

---

[1] Note that Chase recorded the NOD with a Declaration of Compliance with Section 2923.5 confirming that Plaintiff was contacted to explore alternatives to foreclosure.  (RJN Exh. 2.)

KYL_LB1713659

1    Moreover, Plaintiffs did not appeal this Order within fourteen days, and

2 thus any appeal he may have had has been waived.  FED. B. R. CIV. P. 8002(a) (the time

3 to appeal an Order of the Bankruptcy Court is 14 days).  "Failure to timely file the

4 notice deprives the Court of jurisdiction."  *In re Sanders*, 2014 U.S. Dist. LEXIS 21579

5 (C.D. Cal. Feb. 19, 2014).  Plaintiffs had until August 19, 2013 to appeal the Order

6 granting Defendants relief from the automatic stay.  They failed to file any appeal.  As

7 such, any right to appeal has been waived.

8    Thus, Plaintiffs' wrongful foreclosure cause of action predicated on

9 violation of the automatic stay fails and should be dismissed with prejudice.

10    **3.**  **Plaintiffs Allege No Facts Supporting Their Claim that the**

11      **Instruments Are Fraudulent or Void.**

12    Plaintiffs' allegations that the declarations are based on robo-signing and

13 fraud are entirely insufficient to state a claim.  *See, e.g., Cercedes v. U.S. Bankcorp*,

14 2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11, 2011) (holding plaintiffs must "set

15 forth more than bare allegations of 'robo-signing' without any other factual support.")

16    Plaintiffs' claim for fraud must satisfy the heightened pleading standards

17 of Rule 9(b), which requires pleading of fraud with particularity, such that a defendant

18 should be able to adequately answer a complaint without merely saying that they did

19 nothing wrong.  *Diaz v. Bank of Am. Home Loan Servicing*, 2010 U.S. Dist. LEXIS

20 143885 (C.D. Cal. Dec. 16, 2010) citing *Neubronner v. Milken*, 6 F.3d 666, 672 (9th

21 Cir. 1993). A complaint should include "such facts as the times, dates, places, benefits

22 received, and other details of the alleged fraudulent activity."  *Id.* In other words, a

23 plaintiff must allege the "who, what, when, where and how of the misconduct."  *Kearns*

24 *v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

25

26 ///

27

28

KYL_LB1713659

1    To meet this burden, Plaintiff must show (1) a misrepresentation;

2    (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting

3    damages. *Diaz*, 2010 U.S. Dist. LEXIS 143885 (C.D. Cal. Dec. 16, 2010).

4    "When alleging fraud against a corporation, however, the plaintiff must

5    allege the names of the persons who made the allegedly fraudulent representations,

6    their authority to speak, to whom they spoke, what they said or wrote, and when it was

7    said or written." *Diaz*, 2010 U.S. Dist. LEXIS 143885 (C.D. Cal. Dec. 16, 2010) citing

8    *Edejer v. DHI Mortg., Co.*, No. CV09-1302 PGH, 2009 U.S. Dist. LEXIS 52900 (N.D.

9    Cal. June 12, 2009).  Here, Plaintiffs offer no admissible evidence whatsoever of fraud.

10   Further, as with Debtor's other arguments, his "robo-signing" allegations

11   are insufficient to state a claim because Plaintiffs fail to allege any resulting prejudice.

12   *Reyes-Aguilar v. Bank of Am.*, 2014 U.S. Dist. LEXIS 37036 (N.D. Cal. Mar. 20, 2014)

13   ("Plaintiffs fail to allege prejudice because  they do not allege plausibly that they did

14   not default on their loan obligations, and they have failed to allege any facts to suggest

15   that they would not have been foreclosed upon anyway.") citing *Natividad v. Wells

16   Fargo Bank, N.A.*, No. 3:12-CV-03646 JSC, 2013 U.S. Dist. LEXIS 74067, 2013 WL

17   2299601, at *16 (N.D. Cal. May 24, 2013) (quoting *Albano v. Cal–W. Reconveyance

18   Corp.*, No. 4:12-cv-4018 KAW, 2012 U.S. Dist. LEXIS 159245, 2012 WL 5389922, at

19   *6 (N.D. Cal. Nov. 5, 2012)) ("The prejudice or harm element is met only if a plaintiff

20   demonstrates that the foreclosure would have been averted but for the alleged

21   deficiencies."); *Christiansen v. Wells Fargo Bank*, C 12-02526 DMR, 2012 U.S. Dist.

22   LEXIS 142070, 2012 WL 4716977, at *7 (N.D. Cal. Oct. 1, 2012) (quoting *Ghuman v.

23   Wells Fargo Bank*, No. 1:12-CV-00902-AWI-BAM, 2013 U.S. Dist. LEXIS 19647,

24   2013 WL 552097, at *5 (E.D. Cal. Feb. 13, 2013) ("Plaintiffs would be hard pressed to

25   show any conceivable prejudice, given Plaintiffs have offered no facts to suggest the

26   substitution of [trustee] (or the allegedly improper recording thereof) adversely affected

27   their ability to pay their debt or cure their default.").

28   ///

KYL_LB1713659

1   Here, Plaintiffs fail to allege that the "robo-signing" interfered in any

2   manner with his ability to make timely payments on the Subject Loan.  Plaintiffs do not

3   challenge this fact, nor do they allege that the lender would have refrained from

4   foreclosure under the circumstances here.

5   Further, a cause of action for fraud cannot rest on bare epithets and

6   aspersions.  *See, e.g., Ruiz v. SunTrust Mortg., Inc.*, 2012 U.S. Dist. LEXIS 103239, at

7   *8 (E.D. Cal. July 24, 2012) ("The [Complaint] lacks legally cognizable claims based

8   on 'robo-signing.'"); *Nastrom v. New Century Mortg. Corp.*, 2012 U.S. Dist. LEXIS

9   79929, at *6 (E.D. Cal. June 8, 2012) ("Courts have held that when a plaintiff includes

10  vague allegations of 'robo signing' and fails to allege facts setting forth the basis on

11  which the plaintiff is informed and believes such allegations are true, their underlying

12  cause of action fails."); *Lee v. Mortg. Elec. Registration Sys., Inc.*, 2012 U.S. Dist.

13  LEXIS 89107, at *5 (D. Haw. June 27, 2012) ("The [Complaint] fails to assert any facts

14  corroborating the legal conclusion that these individuals lacked authority to sign these

15  documents on behalf of MERS, or any facts explaining how any 'robosigning' caused

16  Plaintiff any harm or damages.").

17  Moreover, even if Plaintiffs' "robo-signing" allegations were not fatally

18  defective on their face—and they manifestly are—Plaintiffs utterly fail to plead how

19  they were harmed by such purported activity.  The robo-signing allegations do not

20  relate to any notice of default or otherwise demonstrate that Plaintiffs were somehow

21  defrauded or harmed by the loan assignments.  *See Nastrom*, 2012 U.S. Dist. LEXIS

22  79929, at *6.  As such, the robo-signing allegations, as with the rest of the wrongful

23  foreclosure cause of action, must be dismissed with prejudice.

24  **D.   PLAINTIFFS' QUIET TITLE CLAIM FAILS.**

25  **1.   Plaintiffs' Lack Standing to Bring a Quiet Title Claim.**

26  Plaintiffs lack legal title to the property, because it has already been fore-

27  closed upon.  (RJN Exh. 10.)  As such, they cannot maintain a cause of action for quiet

28  title because "a quiet title claim is not the proper method of challenging a foreclosure

KYL_LB1713659

sale where, as here, the sale has already occurred." *Toneman v. U.S. Bank*, 2013 U.S. Dist. LEXIS 84240 (C.D. Cal. Feb. 22, 2013). *See also Eng v. Dimon*, No. 11-3173 MMC, 2012 U.S. Dist. LEXIS 120694, 2012 WL 3659600, *3 (N.D. Cal. Aug. 24, 2012) (citing *Lopez v. Chase Home Fin., LLC*, No. CV F 09-0449, 2009 U.S. Dist. LEXIS 35206, 2009 WL 981676, *7 (E.D. Cal. Apr. 9, 2009) ("*If the foreclosure is successful, title will change, and the quiet title claim is an improper means to challenge foreclosure*") [emphasis added]); *Murphy v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 143156 (N.D. Cal. Dec. 13, 2011) (dismissing quiet title cause of action with prejudice where foreclosure sale has already occurred); *Johnson v. Homecomings Fin.*, Civil No. 09cv1262 L, 2011 U.S. Dist. LEXIS 106216, 2011 WL 4373975, *6 (S.D. Cal. Sept. 20, 2011) ("Here, the underlying property has already been foreclosed upon and sold at a trustee's sale. Thus, plaintiff no longer has any interest in the property. Additionally, because the property has already been sold, no defendant is claiming an interest to the property that is adverse to plaintiff, and he has no grounds to quiet title against defendants"); *Distor v. U.S. Bank NA*, No. C 09-02086 SI, 2009 U.S. Dist. LEXIS 98361, 2009 WL 3429700, *6 (N.D. Cal. Oct. 22, 2009) ("because the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure").

Plaintiffs' house was foreclosed upon and sold on September 11, 2013. (RJN Exh. 10.)  Thus, Plaintiffs no longer have an interest in the property, and cannot state a cause of action for quiet title.  As such, the second cause of action should be dismissed with prejudice.

## 2. Plaintiffs Have Not Alleged Their Ability and Willingness to Tender Their Debt.

Plaintiffs' quiet title cause of action further fails because they have failed to allege tender.  "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 436 (2003); *see also Fleming v. Kagan*, 189 Cal. App. 2d 791 (1961) (holding the tender rule applies even in cases where the

KYL_LB1713659

1   plaintiff was induced to enter into the agreement by fraudulent representations made by

2   the defendant).  Plaintiffs must allege facts indicating their ability to tender the amount

3   due, and allege a full and unconditional amount due under the Subject Loan.

4   *Armendariz v. JP Morgan Chase Bank N.A.*, 2012 U.S. Dist. LEXIS 148137 (S.D. Cal.

5   Oct. 15, 2012).  For these multiple reasons, Plaintiffs' cause of action for quiet title fails

6   as a matter of law.

7   **E.    PLAINTIFFS' COMPLAINT ALSO FAILS IF IT IS CONSIDERED**

8   **AS AN APPLICATION FOR A TEMPORARY RESTRAINING**

9   **ORDER OR PRELIMINARY INJUNCTION.**

10         Plaintiffs' third cause of action appears to seek a temporary restraining

11   order and preliminary injunction.  (*See*, FAC 15–19.)  Plaintiffs, however, fails to make

12   a sufficient showing that established their entitlement to a temporary restraining order

13   or a preliminary injunction.

14         "Injunctive relief is a remedy and not, in itself, a cause of action, and a

15   cause of action must exist before injunctive relief may be granted*." Rockridge Trust v.*

16   *Wells Fargo, N.A.*, 2013 U.S. Dist. LEXIS 139606 (N.D. Cal. Sept. 25, 2013) citing

17   *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F.Supp.2d 928, 964 (N.D. Cal

18   2012).

19         Moreover, "a plaintiff seeking a preliminary injunction must establish that

20   he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

21   absence of preliminary relief, that the balance of equities tips in his favor, and that an

22   injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S.

23   7, 24–25 (2008); *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1126–27 (9th Cir.

24   2009).  "A preliminary injunction is an extraordinary and drastic remedy . . .; it is never

25   awarded as of right." *Munaf v. Green*, 553 U.S. 674, 689–90 (2008) (citations omitted).

26   Moreover, because a preliminary injunction is an extraordinary remedy, the movant

27   must carry his burden of persuasion by a "clear showing." *Mazurek v. Armstrong*, 520

28   U.S. 968, 972 (1997); *City of Angoon v. Marsh*, 749 F.2d 1413, 1415 (9th Cir. 1984).

KYL_LB1713659

1  "When . . . a party has not shown any chance of success on the merits, no further

2  determination of irreparable harm or balancing of hardships is necessary." *Global*

3  *Horizons, Inc. v. U.S. Dept. of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007); *see also*

4  *Developmental Servs. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011) ("if a

5  plaintiff fails to show that he has some chance on the merits, that ends the matter.").

6  The standard for issuing a temporary restraining order is the same as that for a

7  preliminary injunction. *Eblovi v. Deutsche Bank Nat'l Trust Co.*, 2013 U.S. Dist.

8  LEXIS 51902 at *2 (N.D. Cal. Apr. 10, 2013) (citing *Winter*, 555 U.S. at 22.

9  Here, for the reasons stated above, Plaintiffs fail to demonstrate a likeli-

10  hood of success on the merits of any asserted claim:  (1) Plaintiffs cannot challenge

11  Defendants' standing to foreclose or the securitization of the Loan; (2) their causes of

12  action for quiet title and violation of 2923.5 fail because the foreclosure sale has

13  already occurred; and (3) their allegations of wrongful foreclosure have no merit.

14  Because Plaintiffs fail to establish a likelihood of success on the merits of any claim, it

15  ends the inquiry. *Douglas*, 666 F.3d at 544.  Therefore, this Court should dismiss the

16  Complaint in its entirety.

17  Plaintiffs also add further allegations in support of their request for an

18  injunction that include that the deed of trust is void.  They allege that the deed of trust

19  granted them fee title absolute.  Such argument is without merit, as the DOT clearly

20  states, "Borrower shall pay when due the principal of, and interest on, the debt

21  evidenced by the Note…" (RJN Exh. 1, p. 3.)

22  Similarly, Plaintiffs allege that the acceleration clause is void because the

23  clause in the Note allegedly fails to state that Plaintiffs could challenge the clause in

24  court.  Even so, Plaintiffs do not dispute that the terms of the acceleration clause were

25  stated in both the DOT and the Note. Whether both the Note and the DOT state that a

26  default can be challenged in court is not a term of the acceleration clause, it is a mere

27  statement that informs the Plaintiffs of their rights.  Moreover, Plaintiffs are not

28

KYL_LB1713659

1  prejudiced by a statement that they could bring an action in court.  Thus, Plaintiffs'

2  claims are of no moment.

3         Finally, Plaintiffs' "double dipping" fraud claim is premised on allegations

4  that Chase never owned the Note and therefore had no standing to initiate foreclosure

5  proceedings.  However, as discussed above, all claims based on this allegation fail

6  because several courts have already determined that securitization of a loan is not

7  improper, and therefore cannot be the basis of a fraud claim.  *Bernardi v. JPMorgan*

8  *Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 85666, at *5–8 (N.D. Cal. June 20, 2012)

9  (dismissing claims based on improper securitization; collecting cases).

10  **F.     THE CALIFORNIA COMMERCIAL CODE HAS NO**

11       **APPLICABILITY.**

12         Plaintiffs' further appear to claim that Chase violated California Commer-

13  cial Code section 3301 by attempting to collect the debt it was owed.  (FAC pp. 23–26.)

14  California Commercial Code section 3301 defines someone that is entitled to enforce an

15  instrument as someone who is in possession of the instrument, or entitled to enforce the

16  instrument under section 3309 or subd. (d) of § 3418.  CAL. COM. CODE § 3301.  How-

17  ever, the California Court of Appeals has clearly stated that the comprehensive statu-

18  tory framework concerning nonjudicial foreclosures is intended to be exhaustive, and

19  parties cannot incorporate other unrelated provisions into their complaints.  California

20  Civil Code sections 2924 through 2924k; *McLaughlin v. Wells Fargo Bank, N.A.*,

21  2013 U.S. Dist. LEXIS 38864 (C.D. Cal. Mar. 19, 2013) (holding that California Com-

22  mercial Code section 3301 was wholly irrelevant in a foreclosure action); *Moeller v.*

23  *Lien*, 25 Cal. App. 4th 822 (1994); *see also Sicairos v. NDEX W., LLC*, No. 08CV2014-

24  LAB (BLM), 2009 U.S. Dist. LEXIS 11223 (S.D. Cal. Feb. 13, 2009) (noting that

25  California Civil Code sections 2924 through 2924k provide a comprehensive frame-

26  work on non-judicial foreclosures); *Spence v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist.

27  LEXIS 50272 (E.D. Cal. May 3, 2011) (California Commercial Code has "no applica-

28  tion in the instant context of real property financing"); *Padayachi v. IndyMac Bank*,

KYL_LB1713659

1   2010 U.S. Dist. LEXIS 120963 (N.D. Cal. 2010) ("Although Article 3 of the UCC

2   governs negotiable instruments, it does not apply to nonjudicial foreclosure under deeds

3   of trust."); *Segura v. Green Tree Servicing, LLC*, No. 11-CV-634 AI SMS, 2011 U.S.

4   Dist. LEXIS 64649 (E.D. Cal. June 17, 2011) (holding "reliance on the California

5   Commercial Code § 3301 et seq. is improper because, pursuant to California law, those

6   sections do not govern non-judicial foreclosures under deeds of trust").

7          Further, California Commercial Code section 3301 provides support for

8   the fact that Chase has authority to enforce the Loan or more specifically, that Defen-

9   dants need not be the holder in due course to enforce the Loan.  CAL. COM. CODE

10  § 3301; *see Kelley v. JPMorgan Chase Bank, N.A.*, 2012 Bankr. LEXIS 433, *12–13

11  (Bankr. N.D. Cal. Feb. 1, 2012) ("Because Defendant [Chase] does not need to be a

12  holder in due course in order to enforce the notes, Plaintiffs' claim regarding 'UCC

13  enforceability' is likely futile because it would not survive dismissal for failure to state

14  a legally sufficient claim.").  Moreover, "there is no stated requirement in California's

15  non-judicial foreclosure scheme that requires a beneficial interest in the Note to fore-

16  close." *Debrunner v. Deutsche Bank Nat'l Trust Co.*, No. H036379 (Cal. Ct. App.

17  Mar. 16, 2012).  The statute broadly allows a trustee, mortgagee, beneficiary or any of

18  their agents to initial non-judicial [sic] foreclosure," and the Commercial Code does not

19  "displace th[is] detailed, specific, and comprehensive set of legislative procedures the

20  Legislature has established for nonjudicial foreclosures." *Id.*

21          Finally, in *Olivier v. NDEX West, LLC*, 2009 U.S. Dist. LEXIS 74051, 5–7

22  (E.D. Cal. Aug. 10, 2009), the plaintiff, like Plaintiffs' here, cited to Uniform

23  Commercial Code §§ 3-301 and 3-309 for the proposition that in order to enforce a

24  note, one must be in possession of  that note.  The Court in dismissing such allegations

25  with prejudice held that, "those provisions of the UCC pertain to negotiable

26  instruments, not non-judicial foreclosure under deeds of trust, which is governed by

27  California Civil Code section 2924, et seq.  There is no requirement that the party

28  initiating foreclosure be in possession of the original note and courts have repeatedly

KYL_LB1713659

held that possession of the original note is not a prerequisite to foreclosure." *Putkkuri v. ReconTrust Co.*, 2009 U.S. Dist. LEXIS 32, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure.").

Thus, to the extent that Plaintiffs' allege that Article 3 of the California Commercial Code has any applicability to this matter, this Court should deny those allegations with prejudice.

## G.   THE CRIMINAL STATUTES TO WHICH PLAINTIFFS CITE DO NOT PROVIDE FOR A PRIVATE RIGHT OF ACTION.

Plaintiffs cite in a number of causes of action various penal code sections. The criminal statutes to which Plaintiffs cite have no private right of action. *See Vann v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 72760, 13–14 (N.D. Cal. May 24, 2012); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability"); *see also Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (criminal statutes do not generally provide a private cause of action nor basis for civil liability).

## IV.

## CONCLUSION

No claim asserted in Plaintiffs' Complaint states facts sufficient to constitute a claim on which relief could be granted, and there exists no reasonable possibility that amendment of the Complaint might cure the defects. For this reason, Defendants respectfully request that the Court dismiss the FAC, with prejudice.

DATED: April 2, 2014

DAVID D. PIPER
MICHAEL T. WEST
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
EMC MORTGAGE CORPORATION

KYL_LB1713659

Case Name:   Raz, et al.  v. Wells Fargo Bank, National Association, Its Assignees and/or Successors, et al.
Case No.:     SACV14-00202-CJC (ANx)
KYL File No.: 7365-1281

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, 400 Oceangate, P.O. Box 1730, Long Beach, California  90801-1730.

On **April 2, 2014** , I served the foregoing documents described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Horacio C. Raz
Juliana G. Raz
Rochelle G. Raz
7621 11th Street
Buena Park, CA 90622
Tel: (310) 880-7002

Plaintiffs in Pro-Per

☑       BY OVERNIGHT DELIVERY:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

Executed on **April 2, 2014** at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
ANA S. NUNEZ

KYL_LB1710976

Proof of Service